IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

B.B., by his grandmother and next friend, L.B.; A.B., by his aunt and next friend, S.B.; and J.W., by his mother and next friend, K.W., on behalf of themselves and all others similarly situated,

        Plaintiffs

    v.

Teresa Miller, in her official capacity as Secretary of Human Services of the Commonwealth of Pennsylvania,

        Defendant

No. 1:18-cv-01257

(Judge John E. Jones III)

Class Action

## INTERIM SETTLEMENT AGREEMENT

WHEREAS, Plaintiffs filed this case on June 21, 2018, alleging that Defendant, the Honorable Teresa Miller, Secretary of Human Services, and the Department of Human Services ("Department") failed to provide Early and Periodic Screening, Diagnostic and Treatment ("EPSDT") services, in violation of 42 U.S.C. §§ 1396a(a)(10)(A)(i) and 1396a(a)(43)(C), by denying requests for wheelchair lifts, stair glides, and other similar items that must be attached to a home;

WHEREAS, Plaintiffs filed a Motion for Preliminary Injunction on August 27, 2018, seeking to enjoin the Department to provide the three Named Plaintiffs with the specific equipment they requested;

WHEREAS, the Department has agreed to review and revise its coverage policy for wheelchair lifts, stair glides, and other such items;

WHEREAS, the review and revision of the Department's coverage policy will take some time;

WHEREAS, the parties seek to amicably resolve the Motion for Preliminary Injunction while the Department is reviewing its coverage policy;

NOW, THEREFORE, the parties, by and through their respective counsel, hereby agree as follows:

1. The HealthChoices managed care organizations ("MCOs") in which J.W. and A.B. are enrolled having determined that the items they requested are medically necessary, the Department will ensure that the HealthChoices MCOs either have authorized, or within five working days from the Effective Date of this agreement, will authorize:

   a. A stair glide and a vertical platform wheelchair lift for J.W., to be provided and installed by 101 Mobility;

   b. A vertical platform wheelchair lift for A.B., to be provided and installed by All Access.

2. The HealthChoices MCO in which B.B. is enrolled having determined that the requested item is medically necessary, the Department will ensure that his HealthChoices MCO will authorize an inclined wheelchair lift, to be provided and installed by StairBusters, within five working days of receiving a revised quote from Plaintiffs' counsel that specifies the items associated with the installation.

3. For purposes of this Agreement, "authorization" means that the specified entities need nothing more from the Department or from the HealthChoices MCOs in order to proceed with the purchase and installation of the equipment.

4. If an authorization expires before the items are installed, the Department will ensure that the MCO will issue an updated authorization.

5. In the event that the entities identified in Paragraphs 1 and 2 are unable to provide and install the items or unable to do so in a reasonable time period, given the nature of the items and the work that needs to be done, counsel for the parties will confer to discuss how to address any issue that has arisen or to develop mutually acceptable alternative arrangements, or both, and the Department will require the HealthChoices MCOs in which the Plaintiffs are enrolled to address the identified issue or to carry out the alternative arrangements for the provision and installation of the items.

6. The Department will require the HealthChoices MCOs in which the Named Plaintiffs are enrolled to authorize payment for reasonably needed repairs of the items specified in Paragraphs 1 and 2, provided that the Plaintiff has made reasonable efforts to exhaust any warranty, until the earlier of the date the case is dismissed or otherwise terminated, or a date to be determined at final resolution of this case.

7. This Agreement is intended only to resolve the Motion for Preliminary Injunction.

8. The parties will submit a motion to revise the schedule entered on August 29, 2018, to afford the Department the requisite time to review and revise its coverage policy and the parties to attempt to resolve the claims asserted on behalf of the putative class.

9. Within five working days after the authorization of all requested items, Plaintiffs' counsel will request that the Court enter an Order dismissing the Motion for Preliminary Injunction as moot.

10. This Agreement is contingent upon the dismissal of the Motion for Preliminary Injunction as specified in Paragraph 9.

11. This Agreement is not, and is not to be construed to be, a consent decree and does not operate as an adjudication on the merits of the Preliminary Injunction. Actions taken or to be taken by the Department hereunder are not

admissions of liability on the part of the Department but are undertaken in the spirit of compromise.

12. For the period of time specified in Paragraph 6, the Plaintiffs may file a motion in this Court for specific performance, but not for contempt of court, in the event that the Plaintiffs believe that the Department has failed to comply with a term of the Agreement. The Department reserves the right to assert any available defenses to a claim for specific performance. Before proceeding under this paragraph, Plaintiffs' counsel will give the Department's counsel ten days written notice, specifying the grounds for the alleged noncompliance, in order to give the parties an opportunity to meet and to enable the Department to cure the alleged noncompliance.

13. Each party reserves all arguments, claims, and defenses related to the merits of the class claims.

14. The Effective Date of this Agreement is the date the Agreement is executed by all parties.

_____
Rachel Mann
Disability Rights Pennsylvania
1315 Walnut Street, Suite 500
Philadelphia, PA 19107

Counsel for Plaintiffs

Date: Nov, 21, 2018

Approved by the Court:

_____
Sherri Glantz Patchen
Deputy Chief Counsel
Commonwealth of Pennsylvania
Department of Human Services
Office of General Counsel
801 Market Street, Suite 6092
Philadelphia, PA 19107

Counsel for Defendant

Date: Nov 21, 2018

_____
John E. Jones III, Judge
11-26-18